IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COLONY NATIONAL INSURANCE )
COMPANY, )
 )
        Plaintiff, )
 )
  v. ) No. 11 C 1121
 )
SLB TOYS USA, INC., et al., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Colony National Insurance Company ("Colony National") seeks to invoke federal subject matter jurisdiction on diversity of citizenship grounds in this newly filed action against seven defendants. Because that effort is impermissibly flawed, so that Colony National has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte opinion dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaws can be cured promptly, the action might then be reinstated.

As to Colony National and the four conventional corporate defendants, the Complaint properly identifies both components of corporate citizenship under 28 U.S.C. §1332(c)(1).[1] But Colony

---

[1] That may not literally be true. For some reason Colony National's counsel has spoken of "a" rather than "the" principal place of business of each corporation, though the statute plainly employs the normal singular sense of the word "principal." It is not necessarily oxymoronic to refer to a company as having more than one principal place of business, as the use of "a" would seem to suggest--but if such were the case, one of the other principal places of business might be "the" place, perhaps

National's counsel has not done the proper jurisdictional job as to the other three defendants (each of which is a limited liability company).

As to those defendants, Complaint ¶¶6 through 8 likewise (and improperly) refer only to their states of formation and their principal places of business. Those facts are jurisdictionally irrelevant when a limited liability company is involved, for such allegations ignore more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until sometime in 2009 this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a

---

destroying diversity. This opinion will not, however, pause on that hypothetical possibility stemming from the Complaint's odd locution.

reasonable cost for such a failing.

Accordingly not only Colony National's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Colony National and its counsel jointly obligated to pay a fine of $350 to the District Court Clerk if it turns out that they can provide the missing information that leads to the vacatur of this judgment of dismissal via a timely Fed. R. Civ. P. 59(e) motion.[2] Because this dismissal is attributable to Colony National's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

                                                    */s/ William D. Shadur*  
                                                    Milton I. Shadur  
                                                    Senior United States District Judge

Date: February 22, 2011

---

[2] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turned out to be curable.