IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLONY NATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11 C 1121 ) |
| SLB TOYS USA, INC., et al., | ) ) |
| Defendants. | ) |

MEMORANDUM ORDER

Following the transfer of this action to the United States District Court for the Central District of California, Honorable John Walter retransferred the action to this District Court for the limited purpose of obtaining a ruling on the motion by one of the defendants--SLB Toys USA, Inc. ("SLB")--for reconsideration of this Court's one-page June 1, 2011 order (the "Order") granting the ex parte application of Byron Moldo ("Moldo"), as assignee for the benefit of SLB's creditors, to be substituted in place of SLB. This Court promptly issued the attached July 11 memorandum order and has now received both a copy of the assignment document and written submissions by SLB and by one of its codefendants--Manley Toys, Ltd. ("Manley")--with the latter seeking to join SLB's current submission.[1]

---

[1] That last document really supplies nothing of particular value and, in addition, appears to pose a potential question of Manley's standing to address the issue. But because the result set out here is unaffected by Manley's stated position, its motion is simply denied on mootness grounds.

After giving the matter full consideration, this Court has decided that the most prudent course of action is to vacate its earlier ruling substituting Moldo in place of SLB. While the suggestions made by SLB and Manley that such a substitution would lead to collusion between Moldo and Plaintiff Colony National Insurance Company ("Colony") are certainly problematic without further elaboration, it is clear that Judge Walter will be better positioned to address the substantive issues as part of the larger ongoing litigation because of the relationship of certain subsidiary issues to California state law. And there is no question that the Order was inadvertently flawed procedurally because, as SLB has stated at page 4 of its current Supplemental Memorandum, this Court was "unaware that no notice had been given" by Moldo.

For these reasons, SLB's motion for reconsideration is granted and the Order is vacated without prejudice to the re-presentation of Moldo's motion to Judge Walter for decision.[2] Hence the limited retransfer is at an end, and the entire action is once again before the District Court for the Central District

---

[2] No view is expressed here as to the substantive merit or lack of merit in the contentions advanced by SLB or Moldo--not only as to SLB's not-fully-explained prospect of collusion between Moldo and Colony but also as to the other issues on which SLB and Moldo have crossed swords.

of California in general--and before Judge Walter specifically.

                                _____
                                Milton I. Shadur
                                Senior United States District Judge

Date:  July 14, 2011

```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION
```

COLONY NATIONAL INSURANCE     )
COMPANY,                      )
                              )
            Plaintiff,        )
                              )
     v.                       )    No. 11 C 1121
                              )
SLB TOYS USA, INC., et al.,   )
                              )
            Defendants.       )

## MEMORANDUM ORDER

After this Court caused this action to be transferred to the United States District Court for the Central District of California, Honorable John Walter of that court has retransferred the action to this District Court for the limited purpose of deciding the pending motion by SLB Toys USA, Inc. ("SLB") for reconsideration of this Court's brief June 1, 2011 memorandum order that had granted the ex parte application of Byron Moldo ("Moldo"), as assignee for the benefit of SLB's creditors, to be substituted in place of SLB as the real party in interest.

Despite the obvious key importance of the November 29, 2007 document making the assignment, neither party's counsel has seen fit to provide this Court with a copy of that document. Accordingly Moldo's counsel is ordered to deliver a copy of the assignment document to this Court's chambers on or before July 19, 2011. This Court will then determine whether anything

more may be needed to rule on the motion and, if not, will rule promptly.

                                                      _____
                                                     Milton I. Shadur
                                                     Senior United States District Judge

Date:   July 11, 2011